UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| COMBUSTION ENGINEERING, INC., | ) ) | Misc. Case No. 06-21 (JEI) |
| Debtor-in-Possession. | ) ) ) | Bankr. Case No. 03-10495 (JKF) |

**IRENAS**, Senior District Judge:

This matter having appeared before the Court upon the *Order Confirming (and Recommending Affirmance by the U.S. District Court) Debtor's Plan of Reorganization and Setting Bar Dates to File certain Claims in Paragraphs 50, 51, 52, 53 and 73* (the "Confirmation Order") by the United States Bankruptcy Court for the District of Delaware, and it appearing that:

1. Combustion Engineering, Inc. ("Debtor"), filed a voluntary petition for bankruptcy relief under Chapter 11 on February 17, 2003 ("the Plan"). The centerpiece of the pre-packaged Plan was the creation of a single asbestos trust into which all asbestos-related claims against the Debtor and its affiliates, Basic, Inc. ("Basic"), and ABB Lummus Global, Inc. ("Lummus"), would be channeled, pursuant to 11 U.S.C. §§ 524(g) and 105(a).

2. On July 10, 2003, the Bankruptcy Court entered an order recommending confirmation of the Plan. In an unpublished oral opinion, the District Court affirmed and adopted the Bankruptcy Court's proposed findings of fact and conclusions of law, and confirmed the Plan, with several modifications.

3. Multiple appeals of the District Court's ruling were filed by various primary and excess insurers of the Debtor, Basic and Lummus, as well as a separate appeal by the Certain Cancer Claimants ("the CCC"). On December 2, 2004, the Third Circuit issued a comprehensive opinion vacating the District Court's order and remanding the case for further proceedings. *See In re Combustion Engineering, Inc.*, 391 F.3d 190 (3d Cir. 2004).[1]

4. The Third Circuit held, *inter alia*, that bankruptcy "related to" jurisdiction did not exist over the independent non-derivative asbestos-related claims against Basic and Lummus, and the Bankruptcy Court's equitable jurisdiction could not be used to extend the channeling injunction to any claims against Basic and Lummus that were not derivative of any liability on the part of the Debtor. The Circuit also remanded the case for further factual findings on the issues of whether the pre-petition payments to certain participating asbestos claimants and the use of stub claims to secure plan confirmation violated the Bankruptcy Code ("the Code") and the "equality among creditors" principle underlying the Code. This Court was designated to handle the case on remand.

5. On remand, Bankruptcy Judge Judith Fitzgerald of the Bankruptcy Court for the Western District of Pennsylvania, also sitting by designation in the District of Delaware, conducted

---

[1] An amended opinion was entered on February 23, 2005.

extensive proceedings on a proposed Modified Plan, which had been negotiated by the Debtor, the various proponents of the original Plan and the CCC. In her *Findings of Fact and Conclusions of Law Regarding Confirmation of Combustion Engineering, Inc.'s Plan of Reorganization, as Modified Through October 7, 2005*, Judge Fitzgerald concluded that confirmation of the Modified Plan was appropriate, and specifically found that it no longer addressed the non-derivative asbestos-related claims against Basic and Lummus and that changes were made in the amount and schedule of distributions to asbestos claimants so as to ensure greater parity among claimants.

6. On December 19, 2005, the Bankruptcy Court entered the Confirmation Order.

7. On February 8, 2006, this Court issued a *Notice of District Court Hearing on Entry and Affirmance of Confirmation Order* (the "Notice"). The Notice was electronically filed on both the Bankruptcy and District Court dockets, and was served on all parties who requested notice pursuant to Bankruptcy Rule 2002 and other interested parties. The Notice provided that any objections to the confirmation of the Modified Plan must be provided to this Court, in writing, by February 21, 2006, and that a hearing would be held on February 28, 2006. This Court has not received an objections, written or otherwise, to the confirmation of the Modified Plan.

8. At the hearing on February 28, 2006, as provided in the Notice, no one appeared to oppose the Modified Plan. Having independently reviewed the opinion of the Third Circuit, the Confirmation Order and the materials related thereto, the Court concludes that confirmation of the Modified Plan is appropriate.

And for good cause shown,

**IT IS** on this **1st** of **March, 2006**,

**ORDERED THAT:**

The December 19, 2005, Confirmation Order is hereby **AFFIRMED,** including, but not limited to, the Asbestos Insurance Entity Injunction found in Paragraph 7.4 and the Channeling Injunction found in Paragraph 7.15 of the Modified Plan.

_____
JOSEPH E. IRENAS, S.U.S.D.J.